■ Sur La Table Ltd., Appellant, v Rosenthal AG. et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered on or about February 15, 1991, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

Plaintiff failed to demonstrate that it was entitled to an injunction barring the defendants from terminating an exclusive distributorship agreement between the parties for the distribution of "Rosenthal" tableware and chinaware. Plaintiff had the burden of establishing the likelihood of ultimate success on the merits, irreparable injury absent the grant of a preliminary injunction, and a balancing of equities in plaintiff's favor *(Grant Co. v Srogi,* 52 NY2d 496). Where, as in the case at bar, there exist sharp factual disputes as to whether the agreement was terminated by a notice transmitted in accordance with its terms, whether the plaintiff, as the exclusive distributor, had utilized its best efforts to promote the product, and as to whether plaintiff had failed to pay a contractually specified administrative fee, injunctive relief

should be denied *(Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589), especially since plaintiff can be compensated by money damages.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.